UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LENAY C., | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:24-cv-00381-KFW |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       **Defendant** | ) |

## MEMORANDUM DECISION[1]

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erroneously evaluated medical opinion evidence and impermissibly interpreted raw medical evidence in determining her residual functional capacity (RFC). *See* Plaintiff's Brief (ECF No. 8) at 6-13. I discern no error and affirm the Commissioner's decision.

## I. Background

The Plaintiff applied for benefits in January 2019. *See* Record at 370-73. After her claim was denied at the initial and reconsideration levels, *see id.* at 102-06, 108-13, the Plaintiff requested a hearing before an ALJ, *see id.* at 156-57. That hearing took place in August 2021, *see id.* at 34-69, after which the ALJ issued an unfavorable decision finding that the Plaintiff was not disabled during the relevant period, *see id.* at 118-30. The Appeals Council granted the Plaintiff's request

---

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 7.

1

to review the ALJ's decision and ultimately vacated it and remanded the case for a supplemental hearing with newly proffered evidence. *See id.* at 138. The remand hearing took place in September 2023, *see id.* at 70-101, after which the ALJ issued a decision finding the Plaintiff suffered from the severe impairments of mood disorder, anxiety disorder, and attention deficit hyperactivity disorder (ADHD), *see id.* at 17. Considering those impairments, the ALJ found the Plaintiff had—during the relevant period—the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations:" she could perform simple tasks and adapt to routine changes in the work setting, but could not work with the public except for incidental contact, "such as issuing a greeting or providing directions." *Id.* at 19. The ALJ found the Plaintiff could not have performed any past relevant work with such an RFC but that she could have performed other jobs existing in significant numbers in the national economy and was therefore not disabled from May 31, 2017, the alleged disability onset date, through December 31, 2022, the date last insured. *See id.* at 25-26. The Appeals Council denied the Plaintiff's request to review the ALJ's post-remand decision, *see id.* at 1-3, making that determination the Commissioner's final decision, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that

a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff first faults the ALJ for relying on the opinion of Thomas Knox, Ph.D., when assessing her mental RFC. *See* Plaintiff's Brief at 6-8; Reply (ECF No. 13) at 1-6. Dr. Knox reviewed the Plaintiff's medical records at the reconsideration level and rated her ability to interact with the public as "markedly limited" and her ability to accept instruction and respond appropriately to criticism from supervisors as "moderately limited." Record at 111. Correspondingly, Dr. Knox found that the Plaintiff could interact appropriately with coworkers and supervisors but not the public. *See id.* at 111-12. The ALJ found Dr. Knox's findings persuasive, noting that they were supported by a narrative of the available evidence and prior administrative medical findings and consistent with the objective record. *See id.* at 23. The ALJ remarked that although the Plaintiff reported continuing to feel overwhelmed, irritable, and impatient despite taking medication, and at least one consultative examination supported her report of impaired concentration, her mood stabilized with medication and she was described as "engaged" and "humorous,"

3

which suggested an ability to interact well with others, and she reported her concentration improved with medical management of her impairments. *See id.*

The Plaintiff maintains that Dr. Knox's findings cannot constitute substantial evidence because he did not review psychiatric records submitted after his August 2019 evaluation and before the ALJ's November 2023 decision and it was beyond the ALJ's expertise to interpret that medical evidence. *See* Plaintiff's Brief at 6-7; Reply at 1-5. The Plaintiff also faults the ALJ for deviating from Dr. Knox's findings, *see* Plaintiff's Brief at 7, because while Dr. Knox rated the Plaintiff "markedly" limited in her ability to interact with the public, and "moderately" limited in her ability to accept instruction and respond appropriately to criticism from supervisors, the ALJ found she could not interact with the public except for "incidental contact . . . such as issuing a greeting or providing directions," and did not address her ability to interact with supervisors, Record at 19, 111-12.

These arguments are unavailing. To begin with, this district has long recognized that an ALJ is "perfectly competent" to "judg[e] whether later submitted evidence is material" to opinion evidence pertaining to a claimant's RFC. *Breingan v. Astrue*, No. 1:10-cv-92-JAW, 2011 WL 148813, at *6 n.5 (D. Me. Jan. 17, 2011) (rec. dec.), *aff'd*, 2011 WL 709856 (D. Me. Feb. 22, 2011). Moreover, the Plaintiff does not cogently explain how the later-submitted evidence warrants remand; in fact, she offers only that the records are critical, non-cumulative, and support a different result. *See* Reply at 1-5; Plaintiff's Brief at 7-8. "As this Court has stated over and over again, the mere fact that a claimant can point to evidence of

4

record supporting a different conclusion does not, in itself, warrant remand." *Justin P. v. O'Malley*, No. 2:23-cv-00053-LEW, 2024 WL 413351, at *2 (D. Me. Feb. 5, 2024) (rec. dec.) (cleaned up), *aff'd*, 2024 WL 1281554 (D. Me. Mar. 26, 2024). The Plaintiff was required to "specify what it is about" each later-submitted record that calls Dr. Knox's opinion into question, *Bourret v. Colvin,* No. 2:13-cv-00334-JAW, 2014 WL 5454537, at *4 (D. Me. Oct. 27, 2014) ("It is not the court's responsibility to search through the [voluminous records] listed by the [claimant] in order to determine whether all of that evidence is merely cumulative or one or more pages includes the necessary notice of changed medical circumstances."), to demonstrate "a reasonable probability . . . that the outcome would be different upon remand," *Robert S. v. Kijakazi*, No. 2:22-cv-00129-LEW, 2023 WL 415810, at *2 n.1 (D. Me. Jan. 26, 2023) (cleaned up) (rec. dec.), *aff'd*, 2023 WL 1992637 (D. Me. Feb. 14, 2023). Absent evidence of such prejudice, remand on this point would be nothing more "than an empty exercise." *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000).

Moreover, Dr. Knox's "moderately" and "markedly" limited ratings were not RFC findings, which describe "the most [a claimant] can still do despite [their] limitations," 20 C.F.R. 404.1545(a)(1), but "merely categorical ratings of the Plaintiff's social functioning," *Katherine M. v. Kijakazi*, No. 1:22-cv-00195-NT, 2023 WL 2806460, at *2 (D. Me. Apr. 6, 2023) (rec. dec.), *aff'd*, 2023 WL 3122986 (D. Me. Apr. 27, 2023). As the form Dr. Knox completed makes clear, "the actual mental [RFC] assessment is recorded in the narrative discussion[], which is

5

"documented in the explanatory text boxes following each category of limitation . . . ." Record at 111; *see Katherine M.*, 2023 WL 2806460, at *2. Accordingly, the ALJ was entitled to rely on Dr. Knox's opinion—stated in his narrative discussion—that the Plaintiff could interact appropriately with supervisors. *See* Record at 112.

Lastly, any error in the ALJ's decision to restrict the Plaintiff to no work with the public while still allowing "incidental contact" is harmless because nothing in the Dictionary of Occupational Titles (DOT) descriptions of the jobs identified by the vocational expert (VE) at hearing and relied upon by the ALJ—vehicle cleaner, DOT No. 919.687-014, 1991 WL 687897, photocopying machine operator, DOT No. 207.685-014, 1991 WL 671745, and retail marker, DOT No. 209.587-034, 1991 WL 671802—indicates they involve contact with the public. *See Michael H. v. O'Malley*, No. 1:23-cv-00207-LEW, 2024 WL 2843050, at *1-3 (D. Me. June 5, 2024) (rec. dec.), *aff'd*, 2024 WL 3358130 (D. Me. July 10, 2024); Record at 26, 98.

Next, the Plaintiff asserts that the ALJ erred in rejecting an April 2019 assessment by psychological consultative examiner Christopher Muncie, Psy.D. *See* Plaintiff's Brief at 8-9. After conducting a mental status examination of the Plaintiff, Dr. Muncie gave her a Global Assessment of Functioning (GAF) score of 50 and noted it was "likely that anxiety and discomfort would greatly interfere with her ability to sustain full-time employment." Record at 672. The ALJ found the GAF score Dr. Muncie assessed inconsistent with the objective record, noting it "d[id] not give a longitudinal view of the [Plaintiff's] functionality," and referenced mental status examinations at which the Plaintiff "had generally normal intelligence,

6

cognition and memory, as well as generally normal thought processes, concentration and attention." *Id.* at 23. The Plaintiff insists the ALJ's failure to address Dr. Muncie's statement that her symptoms would interfere with her ability to work full-time is reversible error, and points to other record evidence that is consistent with and supportive of the GAF score he assessed. *See* Plaintiff's Brief at 9.

This argument has no teeth. Dr. Muncie's statement about the Plaintiff's ability to sustain full-time employment is "inherently neither valuable nor persuasive to the issue of" disability; thus, agency regulations state that ALJs will not analyze such evidence in their decisions. 20 C.F.R. § 404.1520b(c)(3)(i); *see also Nicole A. O. v. Saul*, No. 2:20-cv-00238-GZS, 2021 WL 2411225, at *4 (D. Me. June 13, 2021) (rec. dec.), *aff'd*, 2021 WL 2666854 (D. Me. June 29, 2021). The Plaintiff's references to other evidence that supports Dr. Muncie's opinion is equally unavailing. *See Justin P.*, 2024 WL 413351, at *2.

Finally, the Plaintiff challenges the ALJ's rejection of the July 2021 opinion of treating provider Nichelle Gardner, LCPC, CADC. *See* Plaintiff's Brief at 10-13. Ms. Gardner completed an assessment of the Plaintiff's ability to perform work-related activities in which she indicated the Plaintiff had a substantial loss of ability to respond appropriately to supervision, coworkers, and usual work situations; could understand, remember, and carry out simple instructions; could handle changes in a routine work setting; would be off task at least fifteen percent of the workday; and would miss work or leave work early at least three times per month due to her mental impairments. *See* Record at 842. The ALJ found Ms. Gardner's

opinion inconsistent with record evidence demonstrating the Plaintiff's ability to concentrate while engaging in a range of activities of daily living, and unsupported by the record because it lacked both an explanatory narrative and citations to the objective record. *See id.* at 24. The Plaintiff maintains the ALJ overstated the significance of Plaintiff's activities of daily living and neglected to consider Ms. Gardner's progress notes, which provided the longitudinal background for her opinion. *See* Plaintiff's Brief at 10-12; Record at 843-907. This error is not harmless, the Plaintiff contends, because the VE testified no jobs would be available to an individual with the limitations Ms. Gardner endorsed. *See* Plaintiff's Brief at 13.

At bottom, the Plaintiff's argument is simply an improper request of the Court to reweigh the evidence and reach a different conclusion. *See Justin P.*, 2024 WL 413351, at *2. Pursuant to 20 C.F.R. § 404.1520c(a)-(c), the ALJ explicitly evaluated both the supportability and consistency of Ms. Gardner's opinion before ultimately rejecting it—nothing more was required. Further, Ms. Gardner's progress notes were included in the list of hearing exhibits, *see* Record at 33, which creates a presumption that the ALJ considered them, *see John M. v. Berryhill*, No. 1:17-cv-00452-JHR, 2018 WL 6272888, at *8 (D. Me. Nov. 30, 2018). The Plaintiff offers no evidence to rebut that presumption. *See id; cf. Ferguson v. Berryhill*, No. 1:16-cv-00489-DBH, 2017 WL 2417849, at *4 (D. Me. June 4, 2017) (rec. dec.) (concluding that the presumption was rebutted where the plaintiff pointed to evidence demonstrating that the ALJ had "made a finding

8

that she could not have made if she had carefully reviewed the earlier materials"), *aff'd*, 2017 WL 2683952 (D. Me. June 20, 2017).

## IV. Conclusion

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

Dated: August 19, 2025

/s/ Karen Frink Wolf<br>United States Magistrate Judge

9